**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GREGORY SCOTT VAN HUISEN,<br>Plaintiff,<br>v.<br>CENTRAL INTELLIGENCE AGENCY,<br>Defendant. | No. 2:26-cv-0493-ICD-P<br><br>ORDER<br>and<br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants

which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff Van Huisen names the following Defendant: Central Intelligence Agency. ECF No. 31, p.1. Plaintiff does not state any allegations against Defendant, nor any alleged harm. Plaintiff does say the "date of offense was 1993" and that "Defendant John Doe is the Despotic mastermind," but does not elaborate further. Id. Plaintiff's further writings do not state any claims. Instead, Plaintiff says things like, "The clever attorney saved his clients through a loophole. Kermit fore frog, your Honor. Frog is defined as a switch from a [sliding] or line to another." Id. at 7.

When asked to state how Plaintiff was injured by Defendant, Plaintiff wrote, "Bayonet / war of aggression instead of a real action, the hatch act, defrauders; proverbs 22:28, do not move the ancient landmark that your fathers set. Solvency ecc 3:15." Id. The 16-page complaint ranges from Biblical allusions to brief interludes on quantum mechanics and alleged quotations from founding fathers or founding documents. See id. at 8-9. The only reference to the CIA reads, "w/ our juration and the operation part there is no CIA. The greater contains the less, 'double jeopardy'." Id. at 9. Plaintiff also describes a change in the law library from Lexis Nexis to Westlaw as a supporting fact for cruel and unusual punishment. Id. at 10.

## II. DISCUSSION

If any claims are discernable in the pleadings, they are legally frivolous. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). When applied to a complaint, the term "frivolous" embraces both the inarguable legal conclusion and the fanciful factual allegation. See Neitzke, 490 U.S. at 325. The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885

F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227. The Court need not accept the allegations in the complaint as true, but must determine whether they are fanciful, fantastic, or delusional. See Denton v Hernandez, 504 U.S. 25, 33 (1992) (quoting Neitzke, 490 U.S. at 328). Finally, a complaint may be dismissed as frivolous if it merely repeats pending or previously litigated claims. See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

Because this Court has determined that the claims as pleaded are fanciful, fantastic, or delusional, and lack an arguable basis in law, the complaint should be dismissed with prejudice.

**III. CONCLUSION**

Based on the foregoing, the undersigned orders and recommends as follows:

1. It is ORDERED that the Clerk of the Court is directed to randomly assign a District Judge to this case.

2. It is RECOMMENDED that Plaintiff's complaint, ECF No. 1, be dismissed with prejudice.

3. It is RECOMMENDED that all pending motions, ECF Nos. 4 and 5, be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 23, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE